NORMOYLE-BERG & ASSOCIATES, INC., Plaintiff-Appellant, *v.* THE VILLAGE OF DEER CREEK *et al.*, Defendants-Appellees.—(THE VILLAGE OF DEER CREEK, Counterplaintiff, *v.* NORMOYLE-BERG & ASSOCIATES, INC., *et al.*, Counterdefendants.)

Third District   No. 74-396

Opinion filed June 30, 1976.

Van Der Kamp & Crampton, of Rock Island, and Elliff, Keyser, Hallberg & Ault, of Pekin, for appellant.

Frings, Hoffman & Bagley, of Pekin, Fred Stiers and Sidney D. Davidson, both of Peoria, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

The Village of Deer Creek entered into separate contracts with the plaintiff Normoyle-Berg & Associates, Inc., and the defendant L. H. Swords Engineering, Inc., for the construction of a sewer system for the Village. Under one contract, the defendant L. H. Swords Engineering, Inc. agreed to serve as the engineer for the project including supervision of the actual construction. Under another contract, the plaintiff Normoyle-Berg & Associates, Inc., agreed to serve as the general contractor for the project. There was no contract between the plaintiff and L. H. Swords Engineering, Inc., or L. H. Swords.

The plaintiff contractor filed an amended complaint in which Counts Nos. V and VI against the defendant L. H. Swords Engineering, Inc., and the defendant L. H. Swords (individually) alleged that the plaintiff had incurred expenses above those originally anticipated due to the negligent supervision of the project by the defendant engineers. The plaintiff

contractor alleged that the defendant engineers had acted negligently (in failing to have the project properly staked, in failing to give timely responses to requests for instructions, in failing to complete the details of plans, and so on), which conduct resulted in extra time, labor, and other expense for the plaintiff.

The defendant engineers filed a motion to dismiss Counts V and VI alleging in such motion that the complaint sought to impose a duty on the defendants higher than that required by law and that the complaint failed to state a cause of action. The trial court granted the motion and dismissed Counts V and VI without setting forth the reasons for the dismissal. The trial court also entered a finding pursuant to Supreme Court Rule 304(a) that there was no just reason to delay enforcement or appeal of the order of dismissal. The plaintiff appeals from that order.

The sole question to be decided on this appeal is whether the trial court's dismissal of Counts V and VI was proper. More specifically, the question is whether a supervising engineer owes a duty to the general contractor to avoid negligently causing additional expenses in the completion of a construction project. The defendant engineers contend that they owed such a duty only to the Village with which they had contracted. Their position is that they owed no such duty to the plaintiff contractor, for they had no contract with the plaintiff. On the other hand, the plaintiff contractor's position is that no privity of contract is required in order to impose such a duty upon the defendant engineers.

There is no Illinois case directly on point.

However, there are two Illinois decisions which we view as showing the direction we should take in determining whether a supervising engineer owes a duty to a general contractor in the absence of a direct contractual relationship to avoid causing extra expenses for the contractor in the completion of a construction project. In *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630, the defendant supervising architects for a construction project were held liable upon a negligence theory for personal injuries sustained by the plaintiff-workmen (although there was no privity of contract between the plaintiffs and the defendants). More importantly, in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, the defendant surveyor was held liable for tortious misrepresentation for the damage sustained by the plaintiff purchasers of real estate which had been inaccurately surveyed even though there was no privity of contract between the plaintiffs and the defendant. As the court stated, "* * * we emphasize that lack of direct contractual relationship between the parties is not a defense in a tort action in this jurisdiction. Thus, tort liability will henceforth be measured by the scope of the duty owed rather than the artificial concept of privity." 43 Ill. 2d 54, 62, 250 N.E.2d 656, 660.

Furthermore, the plaintiff has directed our attention to a number of

decisions from other jurisdictions which the plaintiff contends support the view that a cause of action exists under the circumstances of the present case. We note two of these cases which are particularly analogous to the present case. In the course of the suit *United States v. Rogers & Rogers* (S.D. Cal. 1958), 161 F. Supp. 132, a general contractor filed a counterclaim against an architect for negligent supervision of a construction project for the United States Government. The contractor sought damages for extra expenses incurred when it had to compensate for defective concrete work and delays allegedly caused by the architect's negligence. The architect defended and sought a summary judgment on the basis that it owed no duty to the general contractor in the absence of a contract. However, the court rejected that theory (holding that no privity of contract was required) and denied the motion for summary judgment. In *Peter Kiewit Sons Co. v. Iowa Southern Utilities Co.* (S.D. Iowa 1973), 355 F. Supp. 376, the plaintiff general contractor had contracted with the utility company to build a generating station. One portion of the action by the general contractor involved a claim against the defendant engineer of the project for the engineer's negligence which allegedly resulted in financial injury to the general contractor. The court determined that privity of contract was not required in order to state a cause of action for negligent supervision by the engineer. However, on the merits, the court concluded that there was insufficient evidence that the defendant engineer had been negligent.

We conclude that a supervising engineer owes a duty to a general contractor to avoid negligently causing extra expenses for the contractor in the completion of a construction project. A supervising engineer must be held to know that a general contractor will be involved in a project and will be directly affected by the conduct of the engineer. This relationship of supervising engineer and general contractor gives rise to a duty of care on the part of each party to the other. Such a duty exists even in the absence of a direct contractual relationship. We do not express an opinion as to the duty owed by a supervising engineer to parties connected with a construction project other than the general contractor. Each case involving the question of duty must be decided on a case by case basis.

Accordingly, the judgment of dismissal of Counts V and VI of the amended complaint is reversed, and the case is remanded to the circuit court for further proceedings.

Reversed and remanded.

CRAVEN and REARDON, JJ., concur.