175 N.J. Super. 341 (1980)
418 A.2d 1290
CONFORTI & EISELE, INC., PLAINTIFF,
v.
JOHN C. MORRIS ASSOCIATES, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided June 17, 1980.
*342 Robert S. Peckar for plaintiff (Peckar & Abramson, attorneys; Kenneth L. Estabrook, of counsel; Edward J. Frisch on the brief).
Theodore W. Geiser for defendant (Connell, Foley & Geiser, attorneys; Mark L. Fleder, of counsel; Thomas S. Cosma on the brief).
MARZULLI, J.S.C.
Defendant moves to dismiss plaintiff's complaint for failure to state a cause of action.
For purposes of the motion, the court is asked to assume the following as facts:
1. Defendant was the design professional who prepared the mechanical plans.
2. Defendant knew the plans he prepared were to be submitted to contractors, such as plaintiff, for the purpose of bidding the job.
3. Defendant owed a duty to bidders to supply them with drawings prepared in accordance with the standard of the profession.
4. Plaintiff properly relied upon these plans in preparing its bid.
5. Defendant was negligent in the preparation of those plans.
6. Plaintiff was damaged.
7. Defendant's negligence was the proximate cause of the damages.
On the basis of these assumptions the court is posed with this issue: Is a design professional answerable in tort to a contractor who sustains economic damages as a result of the negligence of the design professional in the absence of privity of contract? This question is one of first impression for New Jersey courts.
New Jersey courts have looked with disfavor upon the privity doctrine when, as a result of a design professionals' negligence, bodily injury has been sustained by a third party. In Totten v. Gruzen, 52 N.J. 202 (1968), the court established that architects and engineers may be held liable for personal injuries to third persons in the absence of privity and overruled the "completed *343 and accepted" rule of Miller v. Davis & Averill, Inc., 137 N.J.L. 671 (E. & A. 1948).
The holding in Totten was an extension of the design professionals' liability first established in Schipper v. Levitt & Sons, Inc., 44 N.J. 70 (1965). In Schipper the developer architect was held liable in negligence for personal injuries to a third party with respect to mass housing development. In discussing Schipper, the Totten court said:
We see no good reason why the negligence principles adopted in Schipper with respect to mass housing developers ... should not be applied to all builders and contractors and we now so hold ... Such liability may rest on architects and engineers on the basis of improper design as well as on contractors for defective materials, equipment, and workmanship. Indeed Schipper was essentially a design case. [52 N.J. at 210]
Is there a valid reason why the negligence principles adopted in the Totten and Schipper cases should not be applied here? Should recovery be denied to an innocent contractor who likewise suffers injuries, albeit economic damage, as a result of the negligence of the design professional? I think the answer to both questions is no.
The tendency in New Jersey to look upon the privity defense with disfavor is evidenced by our decisions commencing with Heckel v. Ford Motor Co., 101 N.J. Law 385 (E. & A. 1925), following MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (Ct.App. 1916), and continued with Totten. While these cases have dealt with personal injuries, recent cases indicate a growing trend.
In Fagliarone v. North Bergen Tp., 78 N.J. Super. 154 (App. Div. 1963), certif. den. 40 N.J. 221 (1963), both injunctive relief and monetary damages for economic loss to third-party owners were upheld by reason of defendant's negligence in the planning, construction, and maintenance of a sewer line. Although the court made no explicit analysis of the ability of the landowners to assert a claim of negligence against the township, implicitly it found the third-party landowners to be parties that could *344 foreseeably be damaged through the negligence of the engineers.
To deny this plaintiff his day in court would, in effect, be condoning a design professional's right to do his job negligently but with impunity as far as innocent third parties who suffer economic loss.
Public policy dictates that this should not be the law. Design professionals, as have other professionals, should be held to a higher standard.
As noted by the court in Rosenberg v. North Bergen, 61 N.J. 190, 198 (1972), I recognize this ruling imposes increased exposure on the part of the design professional. However, he has that exposure now if bodily injury is involved. I believe extending liability for economic injury is the next logical step. Other jurisdictions are in accord.
A growing number of courts faced with a similar issue have discarded the privity doctrine and allowed third-party contractors to maintain their actions against design professionals in negligence. In United States v. Rogers and Rogers, 161 F. Supp. 132 (S.D.Cal. 1958), an architect was sued by a contractor who had sustained economic damages. The privity defense was raised. The Rogers court adopted the following tests to determine liability for negligence:
1. The extent to which the transaction was intended to affect the plaintiff.
2. The foreseeability of harm to him.
3. The degree of certainty that the plaintiff suffered injury.
4. The closeness of the connection between defendant's conduct and the injury suffered.
5. The moral blame attached to defendant's conduct.
6. The policy of preventing future harm.
See, also, A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla.Sup. Ct. 1973); Detweiler Brothers v. John Graham and Co., 412 F. Supp. 416 (D.Wash. 1976).
These tests applied to the assumed facts dictate this type of action should be cognizable in New Jersey and I so hold.