139 Ariz. 184 (1984)
677 P.2d 1292
DONNELLY CONSTRUCTION COMPANY, an Arizona corporation, Plaintiff-Appellant,
v.
OBERG/HUNT/GILLELAND, Architects, Defendants-Appellees.
No. 17056-PR.
Supreme Court of Arizona, In Banc.
February 8, 1984.
*185 O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Larry L. Smith and Charles J. Muchmore, Phoenix, for plaintiff-appellant.
Jennings, Strouss & Salmon, by Jefferson L. Lankford, Phoenix, for defendants-appellees.
GORDON, Vice Chief Justice:
In June of 1976, the Board of Supervisors of Coconino County solicited bids on behalf of Page School District Number Eight for improvements to the Page School complex. The site improvements included the construction of retaining walls and sidewalks, grading and filling, and the installation of a sprinkler system. Among the documents available to the bidders was a site plan, including engineering site specifications, prepared by Oberg/Hunt/Gilleland [hereinafter "O/H/G"], a firm of architects. Plaintiff, Donnelly Construction Company, relied on the plans, specifications, and information contained in the site plan to prepare its bid on the improvements. Donnelly's bid was accepted and a contract with the county board of supervisors was entered on July 6, 1976. Upon beginning work, Donnelly found the plans *186 and specifications prepared by O/H/G to be in substantial error. The errors resulted in increased costs of construction to Donnelly.
After substantially completing the work, Donnelly sued the Page School District[1] and O/H/G for its increased costs. Donnelly asserted three claims against O/H/G: negligence, negligent misrepresentation, and breach of the implied warranty that O/H/G's plans and specifications were accurate. O/H/G filed a motion to dismiss pursuant to Ariz.R.Civ.P. 12(b)(6) claiming that Donnelly's complaint failed to state a claim upon which relief could be granted. O/H/G supported its motion with arguments that the claims were barred (a) because all of O/H/G's actions were quasi-judicial in nature and deserving of immunity and (b) because there was no contractual privity between Donnelly and O/H/G. Without recitation of its reasoning, the trial court granted the motion to dismiss. Donnelly appealed to Division One of the Court of Appeals which reversed and remanded to the trial court.[2]Donnelly Construction Co. v. Obert/Hunt/Gilleland, 139 Ariz. 190, 677 P.2d 1298 (App. 1983). O/H/G petitioned this Court to review the decision. Having found the holding of Division One in this matter to be in direct conflict with case law from Division Two, we accepted jurisdiction, pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23, to resolve the conflict. Although we agree with Division One of the Court of Appeals that the trial court's granting of O/H/G's motion to dismiss was error, we vacate its opinion in the instant case.
In our review of the granting of the motion to dismiss for failure to state a claim, this Court must assume the truth of Donnelly's allegations. Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 591 P.2d 1005 (App. 1979). We can uphold the dismissal only if Donnelly could not be entitled to relief under any facts susceptible of proof under the claims stated. Sun World Corp. v. Pennysaver, Inc., 130 Ariz. 585, 637 P.2d 1088 (App. 1981). As noted above, O/H/G offered two arguments that Donnelly's complaint stated no claim. These arguments will be examined seriately.
IMMUNITY FOR QUASI-JUDICIAL FUNCTIONS
O/H/G's first basis for their motion to dismiss was that their duties were quasi-judicial in nature and that they therefore had immunity against actions such as the one brought by Donnelly. In Craviolini v. Scholer & Fuller Associated Architects, 89 Ariz. 24, 357 P.2d 611 (1960), this Court held that an architect who is empowered to resolve disputes between an owner and a contractor acts, in resolving such disputes, in a quasi-judicial capacity and that, to allay the architect's fears of being mulcted in damages, he or she has immunity against actions arising from performance of those duties. However, we find Craviolini to be inapposite to the case before us. Donnelly's claims against O/H/G all stem from allegedly negligently prepared plans and specifications, not from O/H/G's resolution of any dispute between Donnelly and the Coconino Board of Supervisors or the Page School District. As we made clear in Craviolini, the immunity
"attaches to every act done in the judicial capacity, but to no other. Thus the architect has no immunity as an architect * * *. If the tortious conduct with which he is charged * * * is remote from and in no way associated with the performance of his arbitrator's function, he is liable for it in accordance with the usual principles of tort law."
Id. at 28, 357 P.2d at 614 (emphasis in original). The grant of the motion to dismiss *187 cannot be upheld on the basis of immunity.
PRIVITY OF CONTRACT
O/H/G's second basis for the motion to dismiss was that, absent privity of contract, they owed no duty and could not be liable to a contractor such as Donnelly. This argument was premised on Blecick v. School District No. 18 of Cochise County, 2 Ariz. App. 115, 406 P.2d 750 (1965). In Blecick, Division Two of the Court of Appeals was confronted with a fact situation similar to the one currently before us. There, the plaintiff was a contractor who had entered into a building contract with the defendant school district's Board of Trustees to construct school rooms at an elementary school. During construction, changes in the architects' plans and specifications had to be made. The changes resulted in added cost to the contractor who sued the school district and the architects. The trial court dismissed the complaint against the architects for failure to state a claim. The Court of Appeals affirmed. Although stating the issue in tort terminology ("Is an architect liable to a contractor for the preparation of defective plans and specifications?" Id. at 119, 406 P.2d at 754), the Court of Appeals discussed it in contract language ("There is no privity between [the contractor] and the architects by virtue of the [contract between the owner and the architects] nor are [the contractors] third-party beneficiaries thereof." Id. at 120, 406 P.2d at 755) and held that the contractor could not hold the architect liable for having negligently drawn the plans and specifications. Insofar as Blecick stands for the proposition that an architect cannot be sued in tort by a contractor for negligent preparation of plans and specifications, it must be overruled.
There is no requirement of privity in this state to maintain an action in tort. See, e.g., O.S. Stapley Co. v. Miller, 103 Ariz. 556, 559, 447 P.2d 248, 251 (1968) (Quoting Restatement (Second) of Torts § 402A(2)(b) (1965), this Court stated that the seller of a product is liable to a user or consumer although "the user or consumer has not bought the product from or entered into any contractual relation with the seller."); Wetzel v. Commercial Chair Co., 18 Ariz. App. 54, 500 P.2d 314 (1972). Rather, an action in negligence may be maintained upon the plaintiff's showing that the defendant owed a duty to him, that the duty was breached, and that the breach proximately caused an injury which resulted in actual damages. Ontiveros v. Borak, 136 Ariz. 500, 667 P.2d 200 (1983). Duty and liability are only imposed where both the plaintiff and the risk are foreseeable to a reasonable person. This Court has held that a broad view will be taken of the class of risks and the class of victims that are foreseeable. McFarlin v. Hall, 127 Ariz. 220, 619 P.2d 729 (1980).
Design professionals have a duty to use ordinary skill, care, and diligence in rendering their professional services. National Housing Industries, Inc. v. E.L. Jones Development Co., 118 Ariz. 374, 576 P.2d 1374 (App. 1978). When they are called upon to provide plans and specifications for a particular job, they must use their skill and care to provide plans and specifications which are sufficient and adequate. See L.H. Bell & Associates, Inc. v. Granger, 112 Ariz. 440, 543 P.2d 428 (1975); Rosell v. Silver Crest Enterprises, 7 Ariz. App. 137, 436 P.2d 915 (1968). This duty extends to those with whom the design professional is in privity, as in Rosell, and to those with whom he or she is not, as in L.H. Bell.
In L.H. Bell, an engineer was hired to design a bridge and its approaches. The bridge was constructed according to the engineer's plans. After a heavy rainfall, water flooded nearby property causing property damage and loss of business income. This Court found that it was foreseeable, in designing a bridge without culverts, that there would be flooding on the plaintiff's property. Given both a foreseeable risk and a foreseeable victim, the trial court's finding of negligence was upheld.
We find it equally foreseeable in the instant case that Donnelly, hired to follow *188 the plans and specifications prepared by O/H/G, would incur increased costs if those plans and specifications were in error. As noted above, we here assume the truth of Donnelly's allegations, including that it was hired to follow the plans and specifications prepared by O/H/G. Such an allegation is subject to proof. O/H/G may be able to demonstrate that Donnelly was not a foreseeable victim in this case because Donnelly was not hired to follow the plans and specifications prepared by O/H/G, but rather was given those plans and specifications as only general guidelines and was expected to create its own plans and specifications prior to construction. However, such proof goes beyond the face of the complaint. The complaint did state a cause of action in negligence and its dismissal was error.[3]
Our decision herein necessitates a review of Arizona cases other than Blecick which have denied negligence actions against certain professionals because of a lack of privity. For example, in Phoenix Title & Trust Co. v. Continental Oil Co., 43 Ariz. 219, 228, 29 P.2d 1065, 1068 (1934), this Court noted that, subject to certain enumerated exceptions, an "abstractor * * is not liable to persons who may be misled to their damage by reason of his negligence, unless there is some privity of contract between them." Also, in Chalpin v. Brennan, 114 Ariz. 124, 126, 559 P.2d 680, 682 (App. 1976), our Court of Appeals refused "to grant a cause of action for malpractice to an individual who is not a client or in privity with [an] attorney." We do not intend to use this opportunity to set forth foreseeability standards for each and every professional. However, we do expressly disapprove such blanket denials of causes of action as the two just set forth. Standards for professional conduct and legal culpability for failure to maintain those standards are not universal among the professions.[4] This Court will confront each case as it comes before us. We only hold here that design professionals are liable for foreseeable injuries to foreseeable victims which proximately result from their negligent performance of their professional services.
Donnelly's second cause of action against O/H/G was for negligent misrepresentation. Such an action was recognized by this Court in Van Buren v. Pima Community College District Board, 113 Ariz. 85, 546 P.2d 821 (1976) and is governed by § 552 of the Restatement (Second) of Torts. Section 552 provides:
"Information Negligently Supplied for the Guidance of Others
"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable *189 care or competence in obtaining or communicating the information.
"(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
"(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
"(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them."
By its terms, this section does not require privity to maintain a cause of action. Subsection (2)(a) acknowledges that persons, for whose benefit or guidance the representation is made, may bring a claim against the maker of the representation. Illustration 9 of the comments to § 552 is particularly enlightening and is pertinent to the case before us:
"The City of A is about to ask for bids for work on a sewer tunnel. It hires B Company, a firm of engineers, to make boring tests and provide a report showing the rock and soil conditions to be encountered. It notifies B Company that the report will be made available to bidders as a basis for their bids and that it is expected to be used by the successful bidder in doing the work. Without knowing the identity of any of the contractors bidding on the work, B Company negligently prepares and delivers to the City an inaccurate report, containing false and misleading information. On the basis of the report C makes a successful bid, and also on the basis of the report D, a subcontractor, contracts with C to do a part of the work. By reason of the inaccuracy of the report, C and D suffer pecuniary loss in performing their contracts. B company is subject to liability to B [sic] and to D."
Donnelly's complaint stated a cause of action in negligent misrepresentation and its dismissal was error.
Donnelly's third cause of action was for breach of the implied warranty that O/H/G's plans and specifications were accurate. Design professionals, in the absence of an express guarantee, do not "warrant" that their work will be "accurate," L.H. Bell, supra. Rather, as noted above, they "warrant" merely that they have exercised their skills with care and diligence and in a reasonable, non-negligent manner. A claim for breach of a common law warranty does not require privity, Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile, 131 Ariz. 289, 640 P.2d 851 (1982), and, thus, the dismissal of it was error.
Because neither of O/H/G's bases for their motion to dismiss can be substantiated, the trial court's grant of dismissal was error and is hereby reversed. The matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.
NOTES
[1] Claims against the Page School District are not on appeal to this Court and will not be considered herein.
[2] In its opinion, the Court of Appeals also addressed O/H/G's claim that the trial court actually granted a summary judgment, not a motion to dismiss. The Court of Appeals held, and we agree, that the trial court clearly dismissed Donnelly's complaint pursuant to Ariz.R.Civ.P. 12(b)(6).
[3] We note that many other jurisdictions, presented with similar issues, have reached the same conclusion. See, e.g., E.C. Ernst, Inc. v. Manhattan Construction Co. of Texas, 551 F.2d 1026 (5th Cir.1977), cert. denied sub nom. Providence Hospital v. Manhattan Construction Co. of Texas, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978) (applying Alabama law); United States ex rel. Los Angeles Testing Laboratory v. Rogers & Rogers, 161 F. Supp. 132 (S.D.Cal. 1958); A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Normoyle-Berg & Associates, Inc. v. Village of Deer Creek, 39 Ill. App.3d 744, 350 N.E.2d 559 (1976); Gurtler, Hebert & Co., Inc. v. Weyland Machine Shop, Inc., 405 So.2d 660 (La. App. 1981); Conforti & Eisele, Inc. v. John C. Morris Associates, 175 N.J. Super. 341, 418 A.2d 1290 (Law Div. 1980); Schoffner Industries, Inc. v. W.B. Lloyd Construction Co., 42 N.C. App. 259, 257 S.E.2d 50 (1979); A.E. Investment Corp. v. Link Builders, Inc., 62 Wis.2d 479, 214 N.W.2d 764 (1974); see also Owen v. Dodd, 431 F. Supp. 1239 (N.D.Miss. 1977); Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416 (E.D.Wash. 1976). But see Bernard Johnson, Inc. v. Continental Constructors, Inc., 630 S.W.2d 365 (Tex. Civ.App. 1982). See generally Annot., 65 A.L.R.3d 249 (1975).
[4] Several annotations explore third-party causes of action against professionals. See, e.g., Annot., 46 A.L.R.3d 979 (1972) (third-party liability of accountants); Annot., 45 A.L.R.3d 1181 (1972) (third-party liability of attorneys); Annot., 34 A.L.R.3d 1122 (1970) (third party liability of title abstractors).