199 N.J. Super. 498 (1985)
489 A.2d 1233
CONFORTI & EISELE, INC., PLAINTIFF-RESPONDENT,
v.
JOHN C. MORRIS ASSOCIATES, DEFENDANT-APPELLANT, AND THE DIVISION OF BUILDING AND CONSTRUCTION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1985.
Decided March 19, 1985.
*499 Before Judges PRESSLER, BRODY and COHEN.
Mark L. Fleder argued the cause for defendant-appellant, John C. Morris Associates (Connell, Foley & Geiser, attorneys; Theodore W. Geiser, of counsel, and Thomas S. Cosma, on the brief).
*500 Edward J. Frisch argued the cause for plaintiff-respondent, Conforti & Eisele, Inc. (Lindabury, McCormick & Estabrook, attorneys; Peckar & Abramson, co-counsel).
PER CURIAM.
This protracted litigation arose out of the planning and construction of a portion of the New Jersey College of Medicine and Dentistry. Plaintiff was the general contractor for the owner, the State of New Jersey. It sued various design professionals, including the supervising architects, an engineer and a subcontracting engineer called Kelley & Morris, Inc., predecessor of John C. Morris Associates (Morris). The complaint charged that all of them were guilty of professional negligence in coordinating project drawings. All of the design professionals except Morris settled with plaintiff, leaving unresolved issues relating to Morris's liability to plaintiff and Morris's rights to contribution and indemnification by the other design professionals.
There are three issues before us as a result of our grant of Morris's motion for leave to appeal. The first is whether the lack of contractual privity between plaintiff and Morris bars suit charging professional negligence. The trial court held in favor of plaintiff's cause of action in an early decision in this case. We agree and affirm substantially for the reasons stated in Judge Marzulli's opinion, reported at 175 N.J. Super. 341 (Law.Div. 1980).
After that decision, a non-jury trial was held as to liability on a representative example of the more than 1000 individual claims of damage. Judge Marzulli held that plaintiff and the three design professionals were negligent and each responsible for 25% of the damages that ensued.
This court then granted Morris leave to appeal that part of the trial judge's decision holding comparative negligence principles rather than contributory negligence to be applicable to the case. We also granted plaintiff leave to cross-appeal from the *501 judge's finding that it was negligent to the extent of 25%. In an unpublished opinion, we reversed and held that plaintiff's conduct was not negligent. We did say that plaintiff's conduct might constitute failure to mitigate some of the damages. We found it unnecessary to resolve the issue of the applicability of comparative versus contributory negligence rules.
The second issue now before us on Morris's appeal is the correctness of Judge Marzulli's holding that it was negligent and liable to the extent of 25%. We affirm his decision substantially for the reasons he gave in his oral opinion of March 17, 1981. We note plaintiff's argument that Morris is barred from seeking review of that matter because it failed to do so on the occasion of the earlier interlocutory appeal to this court. We choose not to decide that issue. We also note that, as a result of our earlier holding that plaintiff was not negligent, Morris's share must now be recalculated to 33 1/3% of the total. Cartel Capital Corp. v. Fire Co. of New Jersey, 81 N.J. 548, 570 (1980).
After remand to the Law Division, the parties made motions addressed to Morris's cross-claims against the settling defendants. Plaintiff took the position of those defendants on the motions because it was obliged as part of its settlements to protect them from liability on the cross-claims. Judge Marzulli entered an order dismissing Morris's cross-claims for indemnification.
Thus, the third issue before us is the correctness of the decision dismissing Morris's cross-claims for indemnification. Judge Marzulli held that Morris had neither an express nor an implied contract for indemnity and had no common-law right to indemnity. Substantially for the reasons he gave in his oral opinion on February 24, 1984, we affirm his ruling.
Affirmed.