FORTE BROTHERS, INC.

v.

NATIONAL AMUSEMENTS, INC., et al.

No. 84–487.

Supreme Court of Rhode Island.

May 28, 1987.

Michael A. Kelly, Adler, Pollock & Sheehan, John Tarantino, Providence, for plaintiff.

David P. Whitman, William A. Curran, Hanson, Curran & Parks, Barry J. Kusinitz, Temkin & Miller Ltd., Providence, for defendants.

OPINION

MURRAY, Judge.

This is an appeal from the trial justice's order granting defendant Allen & Demurjian's (Allen) motion for summary judgment. We set forth the facts below in the light most favorable to the plaintiff, Forte Brothers, Inc. (Forte), as we must in reviewing the trial justice's granting of Al-

len's motion for summary judgment. *Barratt v. Burlingham,* 492 A.2d 1219, 1220 (R.I. 1985).

In March 1984 plaintiff filed a complaint against defendant National Amusements, Inc. (National) and Allen. Forte alleged that it had contracted with National to perform excavation and grading work for National's Showcase-Cinemas construction project in Warwick. National retained Allen as supervising architect/site engineer for the project. There was no express contract between Forte and Allen.

In a subsequent agreement National agreed to pay Forte $15 per cubic yard for removal of mass rock and boulders. It was Allen's duty to measure this removal, to report any removal to National, and to approve any payments to Forte for massrock excavation. Forte alleges that Allen negligently failed in its duties, that National therefore refused to pay Forte for this agreed-upon excavation, and that Forte was injured thereby.

Allen moved for summary judgment on the grounds that there was no genuine issue of material fact, that it was at all times acting as agent on behalf of a disclosed principal, National, and that, as National's agent, it was not personally liable to Forte as a matter of law. In support of its motion Allen filed an affidavit of its president stating that Allen had been retained to act as site engineer by National, that it was acting as National's agent, and that it had no contract with Forte.

Forte's affidavit in response did not contest Allen's assertion that Allen was acting as National's agent, but claimed that an employee of Allen had failed, in contravention of industry standards, to measure the amount of rock removed by Forte. Thus, argued Forte, there existed a genuine issue of material fact as to whether Allen was negligent.

The trial justice found that there was no genuine issue of material fact that Allen was acting as agent on behalf of a disclosed principal, National, and ruled that as National's agent Allen could not be found liable in negligence to Forte as a matter of

law. He thus granted Allen's motion. We reverse.

## I

## AGENCY

Forte first contends on appeal that the trial justice erred in finding that Allen was acting as agent for National.

In *Nedder v. Rhode Island Hospital Trust National Bank,* 459 A.2d 960, 962 (R.I. 1983), we said that

"when a party who seeks summary judgment has established a sufficient basis from affidavits, pleadings, and discovery materials in order to prevail on such motion, the burden shifts to the opponent of the motion to respond with specific facts that would constitute a genuine issue for trial."

Since Forte, in its affidavit, did not set forth any facts negating the facts in Allen's affidavit establishing Allen's agency, the trial justice did not err in finding no genuine issue of fact as to whether Allen was acting as National's agent.

## II

## NEGLIGENCE

Although in its complaint Forte alleged that Allen was liable to Forte under a third-party beneficiary theory, on appeal it only contends that the trial justice erred in granting Allen's motion for summary judgment because Allen breached a duty owed to Forte, causing Forte economic harm. That Allen was acting as National's agent is of no consequence, says Forte, because it was foreseeable to Allen that Forte would be injured by Allen's negligence.

The issue presented by this case is thus whether a third-party general contractor who may foreseeably be injured or suffer an economic loss proximately caused by the negligent performance of a contractual duty by an architect/site engineer has a cause of action in negligence against the architect/site engineer notwithstanding an absence of privity. The issue is novel to this jurisdiction.

An action in negligence is maintained when the plaintiff shows that the defendant breached a duty of care owed to the plaintiff and that this breach proximately caused an injury to the plaintiff resulting in actual damages. There is no requirement of privity in Rhode Island to maintain an action in tort.

■ A supervising architect, in the performance of its contract with the owner, is required to exercise the ability, skill and care customarily exercised by architects in similar circumstances. *Davidson & Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255 S.E.2d 580, 584 (1979); *see also Donnelly Construction Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 187, 677 P.2d 1292, 1295 (1984). This duty of care extends to contractors who share an economic relationship and community of interest with the architect on a construction project. *Davidson, supra.* The duty is based on circumstances establishing a direct and reasonable reliance by the contractor on the contractual performance of the architect when the architect knows, or should know, of that reliance. *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397, 403 (Fla. 1973) (Dekle, J., concurring in part and dissenting in part); *Normoyle-Berg & Associates, Inc. v. Village of Deer Creek*, 39 Ill. App.3d 744, 746, 350 N.E.2d 559, 561 (1976); *Shoffner Industries, Inc. v. W.B. Lloyd Construction Co.*, 42 N.C. App. 259, 257 S.E.2d 50, 59 (1979). "Altogether too much control over the contractor necessarily rests in the hands of the supervising architect for him not to be placed under a duty imposed by law to perform without negligence his functions as they affect the contractor." *United States v. Rogers & Rogers*, 161 F.Supp. 132, 136 (S.D. Cal. 1958).

We hold that Forte stated a cause of action in negligence against Allen notwithstanding the trial justice's finding that Allen was acting as agent for National. Viewing the facts in the light most favorable to Forte, as we must, it appears that Forte directly and reasonably relied on Allen's rendering of Allen's contractual duty as supervising architect/site engineer of the construction project to measure Forte's removal of mass boulders, to report the removal to National, and to authorize payment to Forte therefor. Hence, Allen owed Forte a duty to render its services professionally. In so holding, we join "an emerging majority of jurisdictions [which] have taken the position that a contractor can maintain a negligence action against an architect without direct privity of contract between the parties." *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F.Supp. 416, 419 (E.D. Wash. 1976).

■ Whether Allen breached its duty of due care and whether such breach proximately injured Forte's economic interests are matters of fact to be decided at trial. *Federal Express Corp. v. State of Rhode Island, Department of Transportation*, 664 F.2d 830, 835 (1st Cir. 1981). Because there is a genuine issue of material fact as to these issues, we must reverse. *Barratt v. Burlingham*, 492 A.2d at 1220.

To deny this plaintiff its day in court would, in effect, be to condone a supervising architect/site engineer's right to do its job negligently and with impunity as far as innocent third parties who suffer economic loss are concerned. *Conforti & Eisele, Inc. v. John C. Morris Associates*, 175 N.J. Super. 341, 344, 418 A.2d 1290, 1292 (1980), *aff'd*, 199 N.J.Super 498, 489 A.2d 1233 (1985).

For these reasons, the plaintiff's appeal is sustained and the trial justice's decision is reversed. The order granting judgment for defendant is vacated, and the case is remanded to the Superior Court for trial on the issue of whether Allen, as National's agent, negligently injured the foreseeable interests of Forte.

KELLEHER, Justice, concurring.

I have no quarrel with my colleagues' conclusion that Forte can proceed against Allen pursuant to the negligence count lodged against the site engineer. However, I am somewhat dubious that Allen, as a "site engineer," should also be considered a "supervising architect." In its affidavit in support of a motion to dismiss Forte's claim against it, Allen refers to itself as the

"site engineer." The sole reference to Allen as a "supervising architect" can be found in the affidavit filed by a registered land surveyor who was apparently employed at the site by Forte and who at various times describes one of Allen's employees as a "site engineer" or a "supervising engineer" or an "architect."

I see no need to adopt in this controversy the rationale found in the architect-contractor cases relied on by my colleagues. Forte has always been free to proceed against Allen by invoking the well-settled general principle that holds that a person who acts as an acknowledged agent for a disclosed principal is independently liable for his own acts of negligence, despite the fact that these acts are committed in the course and scope of the agency and in furtherance of the disclosed principal's business. *See Inter-Ocean (Free Zone), Inc. v. Manaure Lines, Inc.*, 615 F. Supp. 710 (S.D. Fla. 1985).

I do have some concern that there may be those who might believe that our subjecting Allen to Forte's negligence claim is somewhat at odds with what was said in *Alterio v. Biltmore Construction Corp.*, 119 R.I. 307, 377 A.2d 237 (1977) and earlier in *Cardente v. Maggiacomo Insurance Agency, Inc.*, 108 R.I. 71, 272 A.2d 155 (1971). In *Alterio*, a building-contract dispute that involved alleged defective construction, a judgment entered against the president of the corporate-defendant contractor was vacated because the president was acting on behalf of a disclosed principal. However, there the homeowners' suit was based upon a breach of contract rather than a claim of negligence.

Cardente sold building materials and supplies at locations throughout the state. His suit was based upon the agency's failure to notify the insurers it represented that Cardente had closed out one of his branches and had consolidated it with another branch at another location. The disclosed-principal rule exonerated the insurance agency from liability because the insurers were responsible for the agency's negligence. Foreign insurance companies are barred from entering into contracts in Rhode Island except through duly authorized agents. G.L. 1956 (1979 Reenactment) § 27-2-3, as amended by P.L. 1984, ch. 45, § 1. The insurers in the *Cardente* dispute were "foreigners" who were powerless to issue, on their own, a policy of insurance in this state without the assistance of a registered agent. The *Cardente* rationale, which could be considered an exception to the general rule, finds support in 16A Appleman, *Insurance Law and Practice* § 8832 at 30–33 (1981). In a somewhat similar situation, *Austin v. Fulton Insurance Co.*, 498 P.2d 702 (Alaska 1972), an insurance agent was held personally liable for his failure to effectuate a change in coverage but there was a denial that the agent was authorized to act in the manner alleged by the claimant.