**In re DESIGNED VENTURES, INC., Debtor.**

**DESIGNED VENTURES, INC. and Hartford Fire Insurance Company, Plaintiffs,**

v.

**HOUSING AUTHORITY OF the CITY OF NEWPORT, a/k/a Newport Housing Authority and Robinson, Myrick and Associates, Inc., Defendants.**

Bankruptcy No. 89–10610.
Adv. No. 90–1131.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 19, 1991.

Gregory W. Hamilton, Winograd, Shine & Zacks, P.C., Providence, R.I., for debtor/plaintiff Designed Ventures, Inc.

Raymond A. LaFazia, Gunning, LaFazia & Gnys, Inc., Providence, R.I., for plaintiff Hartford Fire Ins. Co.

Mark P. Dolan, Rice Dolan & Kershaw, Providence, R.I., for defendant Robinson, Myrick and Associates, Inc.

Joseph J. Nicholson, Jr., Newport, R.I., for defendant Housing Authority of the City of Newport.

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Upon consideration of Defendant Robinson, Myrick and Associates, Inc.'s Motion for Summary Judgment and the Plaintiff Hartford Fire Insurance Company's objection thereto, we DENY the Motion for Summary Judgment, and hold as a matter of law that Robinson, Myrick owes a duty of care to the Plaintiff, and that there remain issues of breach and damages to be decided at trial.

## FACTS

Designed Ventures, Inc. (the contractor) entered into an agreement with the Newport Housing Authority (the owner) to modernize certain public housing facilities in Newport, Rhode Island. In accordance with its agreement with the owner, the contractor obtained the requisite payment and performance bonds from the Hartford

Fire Insurance Company (the surety), as protection for the owner in the event of the contractor's default. Under the terms of the performance bond the contractor is required to indemnify the surety for all sums paid on account of the contractor's default. Also, in accordance with standard practice, the owner engaged the services of Robinson, Myrick and Associates, Inc. (the architect) to oversee and evaluate the contractor's performance, and to authorize the release of progress payments to the contractor, when appropriate. *See* Owner/Architect Contract, Part 7, Payment to Contractor (b).

After default by the contractor, Hartford fulfilled its obligations as surety under the performance bond and completed the project. In its complaint against the architect, the surety alleges that the architect improperly monitored the contractor's performance and negligently authorized the release of retainage funds, and that it was damaged thereby. The surety also alleges that the architect knew or should have known that releases of funds were negligently being authorized and paid while the contractor was behind schedule and in default of payments to sub-contractors and suppliers.

■ The architect counters in its Motion for Summary Judgment that the Hartford's complaint should be dismissed because the architect owes no duty to the surety.[1] We disagree, for the reasons discussed below, and conclude that a common law duty exists between the architect and the surety, which duty may constitute the basis for a cause of action in negligence, notwithstanding the absence of privity.

"There is no requirement of privity in Rhode Island to maintain an action in tort." *See Forte Bros., Inc. v. National Amusements, Inc.*, 525 A.2d 1301, 1303 (R.I.1987). In *Forte*, the Court held that "a contractor can maintain a negligence action against an architect without direct privity of contract between the parties," *Id.* (citation omitted) and that the architect owed a duty to the contractor to exercise reasonable care under the owner/architect contract:

A supervising architect, in the performance of its contract with the owner, is required to exercise the ability, skill and care customarily exercised by architects in similar circumstances. This duty of care extends to contractors who share an economic relationship and community of interest with the architect on a construction project. The duty is based on circumstances establishing a direct and reasonable reliance by the contractor on the contractual performance of the architect when the architect knows, or should have known, of the reliance. *Id.* (citations omitted)

We consider the reasoning and the holding of the Court in *Forte* to apply here, and conclude that the architect owes a duty of care to the surety. Courts in other jurisdictions agree. *See Aetna Insurance Co. v. Hellmuth, Obata & Kassabaum*, 392 F.2d 472, 475 (8th Cir.1968) (A surety may recover for loss occasioned by an architect's negligent supervision of a contractor's work, even though there is no privity of contract between the surety and the architect); *Peerless Insurance Co. v. Cerny & Assoc.*, 199 F.Supp. 951, 955 (D.Minn. 1961) (evidence established architect was negligent in certifying contractor's bills for payment, and that such negligence was the

1. The architect contends that the terms of the contractor/owner agreement and the bond relieve it of any duty to Hartford. First, the architect refers to language in the contractor/owner contract which provides:
    The failure ... of the [owner] to withhold any moneys from the Contractor shall in no wise impair the obligations of any surety ... under any bond ... furnished under this Contract. This provision assures the project owner that the surety's obligation to complete the project, in the event of the contractor's default, will not be extinguished through the owner's failure to withhold retainage money from the Contractor. This provision is solely for the protection of the owner, and does not (and, indeed, may not) abolish Hartford's common law claim against the architect.
    The architect also relies upon the following provision in the bond: "[t]he surety hereby waives notice of any alteration ... made by the owner." The architect argues that by this language the Hartford waived its right to notice from the architect of the contractor's default. The logic in this argument escapes us.

proximate cause of loss sustained by surety); *see also Sweeney Company of Maryland v. Engineers–Constructors, Inc.,* 823 F.2d 805, 808 (4th Cir.1987) (The certification of progress payments cannot be viewed as a rubberstamp process, without creating exposure to negligence claims); *Bartak v. Bell–Galyardt & Wells, Inc.,* 629 F.2d 523, 529 (8th Cir.1980) (An architect's breach of an architect/owner contract may create a negligence claim that can be asserted by third parties harmed by the breach).

Since it is clear that the architect does owe a duty of care to the surety, the question whether the architect breached that duty and, if so, whether such breach caused injury, are issues of fact to be decided at trial. *Federal Express Corp. v. State of Rhode Island,* 664 F.2d 830, 835 (1st Cir.1981). "To deny [the surety] its day in court would, in effect, be to condone a supervising architect's right to do its job negligently and with impunity as far as innocent third parties who suffer economic loss are concerned." *Forte Bros., Inc. v. National Amusements, Inc.,* 525 A.2d at 1303.

Accordingly, the Defendant's Motion for Summary Judgment is DENIED.

Enter Judgment consistent with this opinion.