NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CAL-AM PROPERTIES INC, *Plaintiff/Appellant*,

*v.*

EDAIS ENGINEERING INC, *Defendant/Appellee*.

No. 1 CA-CV 20-0279
FILED 4-15-2021

Appeal from the Superior Court in Maricopa County
No. CV2017-012518
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Stephen E. Richman, Bennett Evan Cooper, Samuel L. Lofland
*Counsel for Plaintiff/Appellant*

Clark Hill PLC, Scottsdale
By Christopher D.C. Hossack
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

**¶1**           Appellant Cal-Am Properties, Inc. ("Cal-Am") appeals the
superior court's grant of summary judgment to Edais Engineering, Inc.
("Edais") on its negligence claim.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**           Cal-Am develops and operates RV resorts and mobile-home
parks throughout the country, including a resort it leases in Yuma
("Property").  In 2015, Cal-Am hired a contractor to design and construct a
banquet/concert hall on the Property.  The contractor retained Edais to
survey and place construction staking for the new building.  Cal-Am later
discovered that the hall had been built in the wrong location on the
Property.

**¶3**           In 2017, Cal-Am sued Edais for, as relevant here, negligence,
alleging Edais staked the Property incorrectly, which in turn prevented Cal-
Am from adding eight RV spaces to the Property.[1]  It sought damages for
the diminution in its business value.[2]

**¶4**           Edais moved for partial summary judgment on the issue of
damages, and Cal-Am cross-moved for partial summary judgment on the

---

[1] Cal-Am's complaint also included claims for breach of contract, breach of
the implied warranty of workmanship/habitability, negligent
misrepresentation, breach of the implied covenant of good faith and fair
dealing, and private nuisance.  The court granted summary judgment in
favor of Edais on the negligence, breach of contract, and duty of
workmanship claims, and the parties stipulated to dismiss the negligent
misrepresentation count with prejudice.

[2] The parties advise that some form of an arbitration proceeding has been
instituted against the contractor, but provide no further information
concerning the nature of those claims, the damages sought nor the status of
such proceeding.

issue of Edais's liability. Edais then moved for summary judgment on all claims, arguing in relevant part that Cal-Am's negligence claim failed because Cal-Am only sought recovery of purely economic damages and Edais did not owe a duty to Cal-Am to prevent those damages.

¶5 After a hearing, the superior court denied both motions for partial summary judgment but granted in part Edais's motion for summary judgment and dismissed Cal-Am's negligence claim. It found that Edais only owed a duty to prevent physical damage to the Property, and Cal-Am did not present evidence that physical damage occurred. After considering Cal-Am's supplemental brief on the physical damage issue, the court affirmed its ruling.

¶6 The parties stipulated to dismiss the remaining claims and the superior court entered judgment in favor of Edais on the negligence claim. Cal-Am timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7 Cal-Am argues the court erred by granting summary judgment because: (1) it is entitled to recover solely economic damages; and (2) the court erroneously construed the claim as one for purely economic loss.

I.    Standard of Review

¶8 We review the trial court's grant of summary judgment de novo. *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019).

II.    Whether Cal-Am was entitled to recover purely economic damages.

¶9 Cal-Am argues the superior court erred because: (1) a party who is not in privity may recover purely economic damages from a negligent professional; (2) its ruling conflicts with the Arizona Supreme Court's limitation of the economic-loss doctrine to parties in privity; and (3) it relied on the wrong Restatement provision for a limitation on recovery of economic damages.

¶10 To maintain an action for negligence, a plaintiff must show the defendant owed the plaintiff a duty. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 11 (2007). "Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant," *id.* at 145, ¶ 18, and from public policy considerations, *id.* at ¶ 23. A duty is not

presumed, and foreseeability is not a factor in determining whether a duty exists. *Quiroz v. ALCOA INC.*, 243 Ariz. 560, 563, ¶ 2 (2018).

**¶11** Cal-Am first argues that Edais owed it a duty pursuant to Restatement (Second) of Torts § 299A, which provides that generally, "one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." In support of its argument, Cal-Am cites *Donnelly Construction Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184 (1984) and *Gipson v. Kasey*, 214 Ariz. 141 (2007).

**¶12** Restatement § 299A does not establish a duty between Cal-Am and Edais. Although Section 299A sets the standard of care for design professionals, it does not establish a duty, otherwise formulated as "the relation between individuals which imposes upon one a legal obligation for the benefit of the other." *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 355 (1985) (quoting William Lloyd Prosser & W. Page Keeton, *The Law of Torts* § 53, at 356 (5th ed. 1984)). The question of whether a defendant has breached the standard of care arises only after the court has determined that the defendant owed a duty to the plaintiff. *See id.* at 356; *Gipson*, 214 Ariz. at 144, ¶ 17. Thus, the question is not whether Edais had to comply with Restatement § 299A by "exercis[ing] the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities," but instead, whether Cal-Am and Edais had the type of relationship that would require Edais to conform to that standard of care.

**¶13** *Donnelly* does not establish that Edais owed Cal-Am a duty. In *Donnelly*, the Arizona Supreme Court stated that "[d]esign professionals have a duty to use ordinary skill, care, and diligence in rendering their professional services . . . [that] extends to those with whom the design professional is in privity . . . and to those with whom he or she is not." *Donnelly*, 139 Ariz. at 187. However, the *Donnelly* court reached its determination about duty based on a now-rejected foreseeability framework, ultimately holding that "design professionals are liable for foreseeable injuries *to foreseeable victims* which proximately result from their negligent performance of their professional services." *Id.* at 188 (emphasis added); *see Gipson*, 214 Ariz. at 144, ¶ 15 (holding "foreseeability is not a factor to be considered by courts when making determinations of duty"). Because *Gipson* explicitly rejected the foreseeability framework as it pertains to the existence and scope of a duty, 214 Ariz. at 145, ¶ 23, *Donnelly* cannot support Cal-Am's argument that Edais owed it a duty of due care.

**¶14**      Relying on *Flagstaff Affordable Housing Ltd. Partnership v. Design All, Inc.*, 223 Ariz. 320, 327, ¶¶ 35-37 (2010), Cal-Am asserts that our supreme court approvingly cited *Donnelly* and "recognized the continuing vitality of *Donnelly* as to the liability in negligence of design professionals." However, *Flagstaff Affordable Housing* involved an architect who was in privity of contract with the property owner. 223 Ariz. at 321, ¶ 3. Here, in contrast, Cal-Am did not contract with Edais. *See id.* at 328, ¶ 40 (stating "Architect's duties with regard to Owner's project existed only because of the contract between the parties"). Cal-Am also asserts that *Gipson* and *Quiroz* each mentioned *Donnelly* and "never disapproved of the design professionals' duty recognized in *Donnelly*." However, Cal-Am's view is belied by *Quiroz*, in which the court cited *Donnelly* as an example of duty based on a foreseeable plaintiff, and expressly stated "[p]ost-*Gipson*, to the extent our prior cases relied on foreseeability to determine duty, they are no longer valid." 243 Ariz. at 564-65, ¶¶ 10, 12.

**¶15**      Here, the superior court correctly relied on Restatement § 324A to determine Edais's liability to a third party like Cal-Am because Cal-Am did not own the Property. Section 324A provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary *for the protection of a third person or his things*, is subject to liability to the third person for *physical harm* resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

(Emphasis added). Section 324A reflects Arizona courts' reluctance to recognize a "general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property." *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 268, ¶ 11 (2010). Apart from § 299A, Cal-Am fails to cite any basis for Edais's liability to Cal-Am for purely economic harm, and we find none. The court did not err by relying on Restatement § 324A to find that Edais did not owe Cal-Am a duty to avoid purely economic harm.

III.    Whether the superior court erred by construing Cal-Am's claim as one for purely economic loss.

¶16        Cal-Am argues the superior court erred by construing its claim as one for purely economic loss.  It contends the placement of a building in the wrong place is quintessentially "physical," and that the wrongful placement alleged here impaired the Property's use.

¶17        Cal-Am's argument is misplaced.  Cal-Am specifically stated that it sought "damages for the diminution in its business value, not the diminution in value of its real property interest," and it only alleged that Edais "negligently physically altered Cal-Am's property."  Harm to Cal-Am's business does not constitute physical harm, and Cal-Am did not own the Property.  Further, Cal-Am failed to provide any evidence of physical harm to the Property.  Thus, even if negligently staking the Property could constitute physical harm—an issue we do not decide—the superior court did not err by construing Cal-Am's claims as purely economic and granting Edais's motion for summary judgment.

**CONCLUSION**

¶18        For the foregoing reasons, we affirm the superior court's grant of summary judgment in favor of Edais.



AMY M. WOOD • Clerk of the Court
FILED:    AA

6