W. T. BELL'S Adm'r. *v.* HENRY LYLE and WIFE.

CONVEYANCE. *Married women.* *Certificate.* The certificate as required by section 2076 of the Code, as to acknowledgment of deed by married women is sufficient. The clerk is not required to state that he is personally acquainted with the married woman.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

C. R. VANCE for complainant.

N. M. TAYLOR for defendant.

DEADERICK, C. J., delivered the opinion of the court.

The bill is filed to foreclose a mortgage upon a house and lot in Bristol to secure a debt due complainant.

The only objection insisted on in argument to the relief prayed for is made upon behalf of the wife, upon the ground that her privy examination is defective and does not convey her right of homestead. The objection is that the clerk's certificate to said privy examination, does not contain the words " with whom I am personally acquainted." The form of certificate given in section 2042 of the Code, does contain these words, which have been held essential to its validity, in the ordinary conveyance of a vendor. But section

2076 of the Code, is the one which prescribes the form of the certificate as to the wife's signature. He is required to sign the deed jointly with his wife, but not necessarily at the same time. The certificate prescribed by section 2042 of the Code is sufficient as to him, and that given in section 2076 is required to be made by the clerk as to the wife. He certifies that he is acquainted with the husband, but by section 2076 is not required to make a similar certificate as to the wife.

The certificate of the officer is in conformity with the statute, and by its terms is valid and binding upon the parties executing and conveyed the right of homestead.

The chancellor so held and rendered a decree in favor of complainant, and it will be affirmed.