Grover COLLINS, et al.,
Plaintiffs/Appellees,

v.

Robert O. BINKLEY,
Defendant/Appellant.

Supreme Court of Tennessee,
at Nashville.

Jan. 11, 1988.

Rehearing Denied May 31, 1988.

W. Gary Blackburn, Barnett & Alagia, Nashville, for plaintiffs/appellees.

Douglas Fisher, Howell, Fisher, Branham & North, Nashville, for defendant/appellant.

## OPINION

FONES, Justice.

This is a suit against an attorney for damages sustained by plaintiffs as purchasers of real property and named grantees in warranty deeds prepared by defendant, who was employed by the grantor. The negligence alleged was the failure to include in the acknowledgement of each deed the words "with whom I am personally acquainted".

The trial judge held that an attorney could not be liable for negligence in the performance of professional duties to persons with whom he was not in privity of contract. The Court of Appeals applied the rationale announced by this Court in *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (1970), a case involving a land surveyor, to the action of the attorney in this case and reversed and remanded for trial. We affirm the decision of the Court of Appeals.

Defendant admits that the opinion of the Court of Appeals contains a correct statement of the facts necessary to the disposition of this case. We quote the facts from the intermediate court's opinion as follows:

The plaintiffs negotiated with Jeff Benny Anderson to purchase certain real property. Mr. Anderson employed defendant Robert O. Binkley, a highly respected member of the Marshall County, Tennessee, bar, to prepare the deeds necessary to convey the property to the plaintiffs. Defendant Rhonda L. Epperson, a Notary Public, was employed in Mr. Binkley's office as a secretary.

After the deeds were prepared, Mr. Binkley reviewed them "to see whether or not the terms of the deeds, the terms

of the sale, sales price, etc., the description, the wording [was] correct."

Mr. Binkley testified that he understood his duty to prepare a complete deed, including the acknowledgement. He also testified that he knew the purpose of the acknowledgement of the deed was to make it "sufficient for recording" and that he assumed the deeds would go to the various plaintiffs, who would record them if they wished.

However, the acknowledgement of each deed failed to contain the words "with whom I am personally acquainted" as provided in Tenn.Code Ann. § 66–22–107.[1]

Following delivery of the deeds by the grantor Anderson to the plaintiffs, each plaintiff delivered his deed to the Marshall County Registrar of Deeds for registration. So far as each of the plaintiffs knew, his or her deed was properly registered and provided notice to the world that he or she was the owner of the property described in his or her deed.

On September 24, 1981, Jeff Benny Anderson filed a voluntary petition for bankruptcy. On July 29, 1982, Anderson's Trustee in Bankruptcy sued the plaintiffs in the Bankruptcy Court for the Middle District of Tennessee and sought, on behalf of Anderson's estate, to void each of the deeds from Anderson to the plaintiffs. The Trustee also sued Mr. Binkley and Ms. Epperson. The suit against Mr. Binkley and Ms. Epperson was subsequently dismissed on the ground there was no standing for the Trustee to sue.

On April 25, 1983, the United States District Judge entered an order in accordance with the bankruptcy judge's recommendation, holding *inter alia*, that the acknowledgements were defective and that the recordation of the deeds were therefore a nullity. However, the order imposed a constructive trust upon the property represented by each of the deeds and ordered Anderson's trustee to convey his interest in the property to plaintiffs upon their payment of all costs and attorneys fees.

Thereafter, plaintiffs filed this suit in the Circuit Court for Marshall County in which they alleged that because of the negligence of the defendants, they suffered damages which included "attorneys fees, costs and expense in defending their title to the subject real estate" and additional expense in correcting their deeds.

At the trial of this case, John J. Archer, a member of the Nashville Bar, testified on behalf of the plaintiffs that "in my opinion the failure to include the necessary language in the acknowledgements does not come up to the standard of care required of an attorney preparing instruments for conveyance of real property."

. . . .

Here Mr. Binkley knew that the acknowledgement was for the use and benefit of the plaintiff grantees only. He knew that without a proper acknowledgement the deeds were not entitled to registration.

This Court recently applied the principles of *Tartera* in a suit against a law firm and its secretary for alleged negligence in the preparation of warranty deeds and trust deeds and in the performance of other professional responsibilities, in connection with a real estate transaction, wherein the defense was that the attorneys were not in privity of contract with the plaintiffs. *Stinson v. Brand*, 738 S.W.2d 186 (Tenn. 1987). In an opinion authored by Chief Justice Harbison, the Court said:

in the case of *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (1970), this Court adopted the principles later approved by the American Law Institute in *Restatement (Second) of Torts 2d*, § 552

---

1. While no question has been raised on appeal as to whether the absence of a showing of the acknowledging officer's personal acquaintance with the grantor renders the acknowledgement void, it has been held in numerous cases that in the absence of such a showing, the acknowledgment is a nullity and so is the registration of the instrument. E.g., *Figuers v. Fly*, 137 Tenn. 358, 193 S.W. 117 (1916); *Bells Administrators v. Lyles*, 78 Tenn. 44 (1882); *Henderson v. McGhee*, 53 Tenn. 55 (1871); *Harrison v. Wade*, 43 Tenn. 505 (1866).

(1977) in connection with the liability of business or professional persons who negligently supply false information for the guidance of others in their business transactions. These principles of course, could apply to attorneys as well as to land surveyors, accountants, or title companies.

We adhere to the decision in that case and agree with the Court of Appeals that sufficient facts and circumstances were adduced in the present case to make a jury issue against appellants thereunder. *Id.* at 190.

In *Stinson,* the trial court had directed a verdict for defendants upon the ground that plaintiffs were not clients of and were not in privity of contract with the attorneys. In remanding, the Court noted that upon retrial the evidence might support a jury finding that the attorneys intended to charge plaintiffs for preparing the note and deed of trust, or that by naming one of the attorneys as trustees for plaintiffs, the attorneys could be found to have been acting for plaintiffs. However, the Court concluded as follows:

> And even if no attorney-client relationship existed or was intended, appellants could be liable for negligence under the principles of the *Tartera* case, *supra.*

*Id.* at 191.

In the case at bar, it is undisputed that the attorney was employed by the seller to prepare the deeds and that no privity of contract existed between plaintiffs and the attorney. However, there was evidence that the attorney knew that plaintiffs would rely upon him and that it was his professional responsibility to prepare a valid warranty deed entitled to registration that would give notice to the world that plaintiffs were the owners of the described real property and that plaintiffs would suffer loss if the acknowledgement was defective. Further, there was evidence that the omission in the acknowledgement was below the standard of care required of an attorney preparing instruments for conveyance of real property. Those are the elements that give rise to the duty of an attorney to non-clients and may result in liability for the damages sustained by non-clients.

Plaintiffs insist that the courts below should not have dismissed their action against Mr. Binkley's secretary, Rhonda L. Epperson. Plaintiffs' action against Ms. Epperson was based upon her alleged violation of T.C.A. § 66–22–113. Both the trial court and the Court of Appeals found that plaintiff had failed to carry the burden of proving that Ms. Epperson had violated that statute. We agree with the concurrent finding of the lower courts and affirm the dismissal of plaintiffs' action against Ms. Epperson.

The judgment of the Court of Appeals is affirmed and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs are adjudged against plaintiffs.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.

## OPINION ON PETITION TO REHEAR

Plaintiff has filed a petition to rehear with respect to adjudgment of the costs.

We erroneously adjudged the costs against plaintiffs. The last sentence of the opinion to that effect is stricken and we hereby adjudge the costs incurred in this Court against defendants, costs on remand to abide the judgment of the trial court.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.