# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 2000 Session

## MARK STEVEN ISRAEL, ET AL. v.
## LARRY MICHAEL WILLIAMS, ET AL.

### Appeal from the Circuit Court for Williamson County
### No. I-98121      Russ Heldman, Judge

---

### No. M1999-02400-COA-R3-CV - Filed August 22, 2000

---

This appeal presents the issue of whether the trial court was correct to grant summary judgment against Plaintiffs regarding their suit for damages resulting from alleged negligent misrepresentation by Defendants. Plaintiffs claim that Defendants made negligent misrepresentations regarding the condition of their house prior to the sale of the house to Plaintiffs. Summary judgment was granted by the trial court. Upon review of this record, we affirm the judgment of the trial court.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellants, Mark Steven Israel and Dawn Archer Israel.

Marshall L. Hix and Keith C. Dennen, Nashville, Tennessee, for the appellees, Larry Michael Williams and Nancy Sloan Williams.

### OPINION

### I. Facts

On 23 December 1997, the plaintiffs, Mark and Dawn Israel ("the Israels"), entered into a contract with the defendants, Larry and Nancy Williams ("the Williams"), agreeing to purchase the Williams' home in Franklin, Tennessee. On the same day, Defendants provided a Tennessee Residential Property Condition Disclosure form ("the disclosure statement") to Plaintiffs. The disclosure statement notified the Israels of "[s]ome standing water in gravel under the deck. Some water in basement in back during periods of excessive rain." The Israels made the decision to have the property inspected by a professional inspection service which was accomplished on 11 January 1997. The property was occupied by the Williams at the time of the inspection.

Numerous problems with the house and basement were found by the property inspector including "moisture/seepage signs present," water and moisture symptoms of rotted/decayed wood, "stains," "mildew," "poor drainage," and "signs of damp walls and floor." The inspector recommended repairs which included putting clay soil around the house and noted that the probability of water seepage/dampness after the recommended changes was medium to low. It was also noted in the inspection report that the basement wall was bulging in, that there were several other cracks, and that the front wall was leaning in a bit.

After receiving the disclosure statement and the property inspection report, the Israels elected to proceed with purchase of the house without further investigation. Closing of the house was accomplished on 3 February 1997 and the Israels moved in on 5 March 1997. Immediately after moving in the Israels allegedly found the sewer drain not operating properly as well as excessive water seepage into the basement whenever rain occurred. Some time in April of 1997 the Israels determined that the house suffered from sewer rot, mildew from water seepage, and water pipes containing excessive rust.

The Israels claim that the extent of water in the basement and the sewer problems were not disclosed to them. They allege the Williams had prior knowledge of the sewer problems and failed to disclose these problems at all. They also allege that the Williams downplayed the water problem in the basement as being only in several places and only when it rained excessively, when in reality the basement filled up with water after each rain.

The Israels initially filed suit for failing to disclose the sewer and drain problems and failing to reveal the extent of the water problems in the basement in violation of the Residential Property Disclosure Law. Tenn. Code Ann. § 66-5-201 to -210 (Supp. 1999). The Williams have claimed no knowledge of prior sewer or drain problems nor any prior severe water damage to the basement. They further maintain that the disclosure statement was accurate and that the Israels were estopped from seeking relief due to their having the property inspected by a professional property inspector. The Williams then filed a Motion to Dismiss claiming that Plaintiffs were barred by the statute of limitations set forth in Tennessee Code Annotated section 66-5-208(a)(1)(Supp. 1997). The trial court granted the Williams' Motion to Dismiss for failure to file the action within the statute of limitations, as an action for violation of property disclosure laws must be brought within one year from the date of purchase or receipt of the disclosure statement, whichever occurs first. However, the court determined that Plaintiffs had adequately asserted a claim for negligent misrepresentation and allowed those claims to continue forward.

The Williams then filed a Motion for Summary Judgment and corroborating affidavits claiming that all representations of material fact made to Plaintiffs were true and undisputed and that Plaintiffs have not shown that the representations were faulty or carelessly made. They further asserted that the Israels cannot recover because they had actual or constructive notice of the water problems in the basement and that the Israels could not have justifiably relied on statements made by the Williams regarding this matter. The Israels responded to Defendants' motion claiming there were genuine issues of material fact regarding two areas of claimed misrepresentation: (1) Whether or not the Israels misrepresented the seriousness of the water problem in the basement, and (2)

Whether or not the Williams had knowledge of and failed to disclose the plumbing/sewer problems with the house.

In support of their case, the Israels provided some additional evidence for the court's review. Two construction company reports were submitted laying out problems found with the basement and repairs completed to fix the basement defects. The first report appears to be an estimate of repairs and costs, and it states:

> Excavate dirt around foundation, backfill to another location. Apply foundation drain and backfill w/ gravel. Apply rubber membrane to wall. Seal edges and overlap w/ masking. Discharge to creek area. Backfill dirt. No landscaping included. Extra charges if hit rock to remove around foundation. Cost plus on jack hammering. Not responsible for step or concrete color and material.
> Total Price   4200.00

The second report appears to be a recitation of work performed and states:

> Upon removing baseboard and reviewing wood panel and concrete blocks, watermarks and stains prove the basement has been leaking four or more years. This estimation is due to the rot bu[il]d-up and deterioration along floor and wall line on right and left walls and some areas on the front wall.
> On July 16-17th, 1997 HCS excavated dirt around foundation, applied foundation drain around front and side walls, backfilled with gravel, ap[p]lied rubber membrane to wall, sealed edges and overlapped with masking, replaced window well on one side of home and created a gravity flow discharge of the drain system to the creek area at rear of house.

In addition, Mr. Israel provided an affidavit of his own knowledge which stated:

> 1. My name is Mark Israel. Prior to purchasing the house my wife and I had been informed by Larry Williams that water only appeared in one small spot in the basement only if it rained excessively.
>
> 2. Williams also told me that if dirt was put around the house, this would stop the problem of excessive water.
>
> 3. The Williams have disclaimed the severity of the problem to me and my wife.
>
> 4. The inspector inspected the house when it was dry and no rain had fallen.
>
> 5. The Williams added clay soil around the house prior to our moving in and without our prior knowledge.

6.     The Williams never told us they had a problem with the plumbing lines.

7.     We relied upon the Disclaimer Statement, the statements by Larry Williams to buy this house.

8.     The inspector's report was also relied upon by us, but the inspector explained that he could only view things superficially. If there was drainage problems, he could not observe them on his inspection.

The Israels further provided three affidavits of neighbors. These three affidavits were identical except for the name of the affiant and stated as follows:

1.     My name is [Affiant]. I have lived near the former home of Larry and Nancy Williams since they bought the house in 1991.

2.     I am personally aware that the Williams home had water seepage problems prior to the Israels['] occupancy of the house.

3.     I personally saw standing water in the basement of the Williams['] home, not just during periods of excessive rain but when it rained for a short period of time.

4.     I am also aware that the Williams had plumbing problems before the Israels occupied the home.

The Plaintiffs' property inspection report and Defendants' disclosure statement were also provided to the court. No other additional evidence was provided by the Israels to support their case.

II. Issues

The primary issue in this case is whether or not the trial court was correct in granting Defendants' motion for summary judgment. The Supreme Court provides an exhaustive discussion of Tennessee's summary judgment law in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

[S]ummary judgment is to be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [The Rules further state] that the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or [otherwise], must set forth *specific facts* showing that there is a genuine issue for trial."

*Byrd,* 847 S.W.2d at 210 (*citing* Tennessee Court Rules 56.03 and 56.05).

-4-

The court goes on in *Byrd* to break down the elements of summary judgment. The initial burden is on the party seeking summary judgment. That party "must carry the burden of persuading the court that no genuine and material factual issue exists; [then] the nonmoving party must affirmatively demonstrate with *specific facts* that there is indeed a genuine issue and material factual dispute." *Id.* at 214. (emphasis added). First, when the material facts are undisputed, the court may simply apply the law and resolve the matter in favor of one party or the other and summary judgment is appropriate. Second, to preclude summary judgment the nonmoving party must demonstrate that the fact in dispute is material, i.e., whether the resolution of that fact will affect the disposition of any substantive claims or defenses at which the motion is directed. Third, when the evidence etablishes a disputed fact and it is determined that the fact is material, the court must determine if the disputed material fact creates a genuine issue. "The test for a "genuine issue" is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* at 214-15. It should also be noted that "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 213.

The Israels claim that the Williams negligently misrepresented two things: (1) the amount and frequency of water in the basement and resulting damage, and (2) any preexisting plumbing/sewer problems and the resulting damage. Upon review of Defendants' initial Motion for Summary Judgment, we, like the trial court, are persuaded that there was no genuine issue of material fact present. As a result, Plaintiffs must provide specific facts showing each element of negligent misrepresentation with regard to the two alleged misrepresentations.

III.  Discussion

A.  Elements of Negligent Misrepresentation

In order to maintain a case for negligent misrepresentation, a plaintiff must prove that:

1.      the defendant is acting in the course of his business, profession, or employment or is in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; <u>and</u>

2.      the defendant supplies faulty information meant to guide others in their business transaction; <u>and</u>

3.      the defendant fails to exercise reasonable care in obtaining or communicating the information; <u>and</u>

4.      the plaintiff justifiably relies upon the information.

*John Martin Co., Inc. v. Morse/Diesel, Inc.,* 819 S.W.2d 428, 431 (Tenn. 1991). It is easy to see that element number one is met as the defendants have a pecuniary interest in selling their house. Plaintiffs must also come forward with specific facts showing that the alleged misrepresentations meet the other three criteria for negligent misrepresentation.

### B. Representations Regarding Water in the Basement

The first representation regards the amount and frequency of water in the basement. Plaintiffs must show that the Williams supplied faulty information with regard to the amount and severity of the water which collected in the basement and that they failed to exercise reasonable care in obtaining or communicating this information. The following facts are on the record to show what information was supplied by the Williams as well as the actual condition of the basement as determined by the Israels following the purchase.

1. The Williams informed the Israels prior to purchase of "some standing water in gravel under the deck. Some water in the basement in the back during periods of excessive rain."

2. The Williams filed an affidavit stating that they had no severe water damage prior to the sale of their house.

3. The Israels and their inspector viewed the house and found superficial evidence of water damage as evidenced by the inspection report and consistent with the Williams' assertion of some past water in the basement.

4. The Israels provided a statement from Hudgins Construction Company regarding repairs needed to waterproof the basement as well as damage found in the basement after removing baseboards and parts of the basement walls.

5. Mark Israel provided an affidavit alleging that Mr. Williams informed him of water appearing in one small spot in the basement only if it rained excessively; that Mr. Williams informed him that putting dirt around the house would stop the water problem; that Mr. Williams disclaimed the severity of the water problem; that the inspector inspected the house when it was dry and no rain had fallen; that Mr. Williams added clay soil around the house prior to their moving in and without their knowledge; that they relied on the disclaimer statements made by Mr. Williams to buy the house; that they also relied on the inspector's reports (but the inspector was only able to view things superficially.)

6. Plaintiff also provided affidavits of three neighbors who lived "near" the former home of Larry and Nancy Williams. These affidavits stated that the three neighbors were aware of water seepage problems prior to the Israels occupying the house; that they personally saw water standing in the basement, not just during periods of excessive rain, but when it rained for a short period of time.

In looking at the above facts and viewing them in a manner most favorable to the Israels, we find that there is no evidence that the defendants supplied faulty information or failed to exercise reasonable care in obtaining or communicating the information. The disclosure statement clearly points out problems with water in the basement. Further, the Williams also let Plaintiffs know that some repairs might be necessary in the form of putting dirt around the house in order to stop the water in the basement. There is no evidence in the record that the plaintiffs had any problems

different from what was described by the Williams. They provide no evidence as to how much rain it took to cause water flow in the basement nor how much water they actually had in the basement nor how often the water was there. In addition, the neighbors' affidavits provide no additional information regarding when they saw the standing water, how much water there was, or how long it rained prior to water standing in the basement. As such, this claim for negligent misrepresentation regarding the basement water must fail.

In addition, however, we find that there was no justifiable reliance upon Defendant's statements regarding the water in the basement. "If one who is in possession of all material facts, either actually or constructively, proceeds with a purchase of realty, notwithstanding such knowledge, such a person cannot thereafter recover on the basis of fraud, misrepresentation, or concealment of the information to which all parties had equal access." *Winstead v. First Tenn. Bank N.A., Memphis*, 709 S.W.2d 627, 633 (Tenn. Ct. App. 1986). Plaintiffs were placed on notice by the disclosure statement regarding past history of water in the Williams' basement. As a result of this information, the Israels performed their own home inspection, hiring a professional inspector who found numerous problems with the basement including mildew, bulging and cracked walls, poor drainage, signs of damp walls and floors, seepage signs, water stains, and rotted and decayed wood. The inspector's report definitely shows problems with water in the basement and indicates that repairs are necessary.

As well, Tennessee Code Annotated section 66-5-201 specifically states, "the disclosure statement . . . is not a warranty of any kind by a seller and is not a substitute for inspections either by the individual purchaser or by a professional home inspector." After reviewing the inspection report the Israels had as much knowledge about the condition of the basement and the inside of the basement's walls as the Williams could. (Mr. and Mrs. Williams could no more see through the walls and know of the interior damage than the plaintiffs or their inspector.) Based on the information in the record and the residential inspection report, the Israels had as much (or more) knowledge as the Williams regarding the actual condition of and potential problems with the basement. With this knowledge, the Israels elected to proceed forward and purchase the home without further investigation. Any reliance made on the statements of Mr. and Mrs. Williams was unjustifiable in light of the Israels' actual knowledge about the basement condition. *See also Atkins v. Kilpatrick*, 823 S.W.2d 547 (Tenn. Ct. App. 1991); *Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993); *Metropolitan Gov't of Nashville and Davidson County v. McKinney*, 852 S.W.2d 233 (Tenn. Ct. App. 1993).

### C. Failure to Disclose Plumbing/Sewer Problems and Resulting Damage

We once again look to see whether or not facts show that the Williams provided faulty information or failed to exercise reasonable care in obtaining or communication information regarding any plumbing/sewer problems with the house and any resulting damage. The record itself is conspicuously void of any actual evidence of the Israels having plumbing/sewer problems. In his affidavit, Mark Israel states that "the Williams never told us they had a problem with the plumbing lines." They also state that the inspector could only view things superficially and any drainage problems could not be observed on his inspection. The affidavits of the neighbors state they are also

aware that the Williams had plumbing problems before the Israels occupied the home. However, there is absolutely no evidence of the *Israels* actually having a plumbing problem or what the plumbing problem was. Therefore, without any evidence of an actual problem, it cannot be shown that the defendant's statements, or lack thereof, were in any way faulty or lacked reasonable care. Thus, the second allegation of misrepresentation must also fail.

## V.    Conclusion

This Court concludes that summary judgment was warranted. With regard to the Israels' allegations of misrepresentation about the basement's water situation, we find that Plaintiffs failed to demonstrate, through specific facts, any material differences between what was originally disclosed as water problems in the basement and what the Israels later actually found to be the condition of the basement. The Israels also failed to demonstrate any knowledge on the part of the Williams that would render the information supplied to them by the Williams as faulty. We further find that the Israels could not have justifiably relied on the representations of the Williams regarding the basement's water condition in light of the information provided to them by their own property inspection. With regard to the alleged failure to disclose plumbing and sewer problems, we find that the Israels failed to come forth with any specific facts showing what plumbing and sewer problems existed following the purchase of their house, which also existed during the time of the Williams' ownership of the house, or of which the Williams had knowledge. Due to lack of evidence necessary to maintain a claim for negligent misrepresentation, we find that the trial court properly dismissed this case on summary judgment and affirm the trial court's ruling.

_____
WILLIAM B. CAIN, JUDGE