IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2005 Session

# THE CENTER FOR DIGESTIVE DISORDERS AND CLINICAL RESEARCH, P.C., v. RONALD J. CALISHER, Individually and NORMAN A. LAZERINE, Individually

**Direct Appeal from the Circuit Court for Hamilton County**
**No.  00-C-2224      Hon. W. Neil Thomas, Circuit Judge**

---

**No. E2004-02309-COA-R3-CV  - FILED AUGUST 30, 2005**

---

Plaintiff sued defendants alleging breach of contract and tortious conduct on the part of defendants resulting in damages to plaintiff.  The Trial Court granted defendants summary judgment and plaintiff has appealed.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

John P. Konvalinka and Mathew D. Brownfield, Chattanooga, Tennessee, for appellant.

G. Michael Luhowiak and Neil A. Brunetz, Chattanooga, Tennessee, for appellee, Norman A. Lazerine.

Sam D. Elliott, Chattanooga, Tennessee, for appellee, Ronald J. Calisher.

### OPINION

        This action arises as a result of a contract entered between plaintiff, The Center for Digestive Disorders and Clinical Research, P.C., and Calisher and Lazerine Associates, Inc.  The "Agreement" was signed on behalf of the corporation by Ronald J. Calisher, as its President and Chief Executive Officer, and on behalf of the plaintiff by Dr. Richard Krause.  The Contract

provided that Calisher & Lazerine Associates, Inc., would provide services for the design and development of an outpatient endoscopy center to be constructed in Chattanooga, Tennessee. It was a turnkey project, and architectural engineering firms in Knoxville were enlisted to assist in the project. The building's design did not meet certain requirements of the Health Facilities Commission, which refused to grant a waiver. It was therefore necessary to modify the facility's design into two procedure rooms instead of the original three planned. As a result, the facility's scheduled opening was delayed approximately ninety days, causing the plaintiff loss of revenue and increased construction expenses.

Arbitration proceedings as required by the Contract between plaintiff and Calisher and Lazerine Associates, Inc., were instituted on December 22, 1998. On February 2, 2000, plaintiff was awarded $416,374.93 in arbitration. Subsequent to the arbitration award, Calisher & Lazerine, Inc., filed a Chapter Seven bankruptcy and plaintiff instituted this action after the arbitration award was discharged through bankruptcy.

In granting the defendants summary judgment, the Trial Court described this action as follows:

> Plaintiff's Complaint, filed on December 15, 2000, alleged that Defendants "negligently, recklessly, and/or improperly designed and/or constructed and/or supervised the design and construction of Plaintiff's endoscopy center," and "negligently, recklessly and/or improperly failed to hire personnel with adequate skills and training to design, construct, and to supervise the design and construction" of the facility. The Complaint alleges that Calisher and Lazerine owed the Clinic a duty of care independent of any contractual duty "by failing to adequately render the services at issue, and having misrepresented their ability to render those services." The Plaintiff prays that the Court "declare that Defendants negligently, wrongfully and/or recklessly failed to provide adequate consultation, design, construction, engineering, architectural, supervisory, and personnel services for the benefit of the Plaintiff, with such services failing to meet the applicable standard of care for such professional services, in breach of their obligations to the plaintiff," and seeks damages, costs, attorneys' fees, pre-judgment interest, and any and all other relief to which it may be entitled.

Our reading of the plaintiff's Complaint, reveals that plaintiff essentially charges the defendants with breach of contract and/or tortious conduct that damaged the plaintiff.

As to the claimed breach of contract, there is no disputed issue of material fact. The record establishes the Contract was between plaintiff and Calisher and Lazerine Associates, Inc. Dr. Krause testified:

> Q.     You signed a contract with the two individuals? What do you base that on? Do you have a contract with these gentlemen as individuals?

A.     Those were the only two people that I knew so –

Q.     Well, I'm going to pass to you what has been previously marked as Exhibit 5, which was attached to your complaint as Exhibit A. Is that the contract that you're referring to?

A.     If I signed it, it is. Yes.

Q.     All right, sir. And does that contract reflect that it's with an entity called Calisher & Lazerine Associates, Inc. or does it reflect that it's a contract with two individuals?

A.     It says Associates, Inc., yes.

Q.     And at the time you signed it you read the contract over, did you not?

A.     Probably glanced at it.

The Trial Court in its opinion granting summary judgment set forth several reasons why the corporate veil should not be pierced. However, the Complaint does not ask to pierce the corporate veil, rather, it seeks to hold the two individual defendants personally liable for their alleged tortious conduct. Under Tennessee law, an agent of a corporation may be personally liable to another party for the agent's tortious conduct which injures another, despite the lack of privity. *See, John Martin Co., v, Morse/Diesel, Inc.,* 819 S.W.2d 428 (Tenn. 1991).

Tenn. R. Civ. P. 56.04 provides that summary judgment may be granted where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). Summary judgment is appropriate when the undisputed facts, and the inferences reasonably drawn therefrom, support only one conclusion - that the moving party is entitled to judgment as a matter of law. *Brown v. Birman Managed Care, Inc.,* 42 S.W.3d 62, 66 (Tenn. 2001); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

The moving party has the burden of proving that its motion satisfies the requirements of Rule 56. *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998); *Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). To prevail, the movant must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).

Plaintiff has raised these issues on appeal:

The Court erred in not finding individual liability for defendants.
      (a) The Complaint asserts a breach of contract claim against the defendants;
      (b) Defendants misrepresented their corporate status and skills.
The Court erred in not piercing the corporate veil.
      (a) This issue involves the credibility of witnesses.
      (b) Relevant corporate records were intentionally destroyed.
      (c) Defendants disposed of assets despite notice of this claim.

As already noted, there is no disputed issue of fact in that there is no contract between the parties in this case, and the complaint did not raise the issue of piercing the corporate veil.[1] The remaining issue to be considered is whether the defendants' "misrepresented their corporate status and skills".

Plaintiff argues in its brief that "both defendants are liable for misrepresentations contained in their promotional brochure, which misstates the parties with whom any business relationship would be formed by the plaintiff, and which also misstated the defendants' "in-depth knowledge of governing codes and regulatory guidelines. As has clearly been shown, defendants possess no such knowledge, since they did not even know how to obtain current regulations and guidelines or did not have the desire to do so." And the argument goes on to charge that the defendants had "participated to a fraud".

While the plaintiff relies on a brochure furnished to it, the Development Agreement recites that plaintiff was contracting with a California corporation and the Agreement specifically states:

> Entire Agreement     This Agreement contains the entire agreement concerning the subject matter of this Agreement between the parties. It supersedes all other agreement between them concerning the subject matter of this Agreement. Neither party has made any representations with respect to the subject matter of this Agreement, nor any representations inducing the execution and delivery of the Agreement, except the representations specifically stated.

The plaintiff's argument that it relied on inducing representations of the brochure or other statements is contrary to the quoted provision in the Development Agreement. *See, Clore v. Village Inc.,* 1986 WL 4950 (Tenn. Ct. App. April 18, 1986), and such evidence is not admissible under the Parol Evidence Rule.

---

[1] The relief sought by the Complaint is:
> That the Court declare the defendants negligently, wrongfully and/or recklessly failed to provide adequate consultation, design, construction, engineering, architectural, supervisor, and personal services for the benefit of the plaintiff, with such services failing to meet the applicable standard of care for such professional services, and the breach of their obligations to plaintiff as set forth herein.

-4-

As to the issue of fraudulent misrepresentation, the elements of fraudulent misrepresentation for which an agent will be personally liable to third parties are: (1) the representation of an existing or past fact; (2) the representation was false when made: (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) the plaintiff reasonably relied on the misrepresented material fact; and (6) the plaintiff suffered damage as a result. *Metropolitan Gov't of Nashville and Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992).

Plaintiff's action for alleged fraudulent misrepresentation fails for two reasons. It is mandatory that circumstances constituting fraud must be pled with particularity, and the complaint is deficient on that ground. Tenn.R. Civ. P. 9.02. Further, plaintiff's reliance on brochures and oral representations to establish misrepresentation is misplaced because such evidence as has been noted contradicts the written contract which plaintiff entered for the construction of its clinic. *See Whelchel Co. Inc., v. Ripley Tractor Co., Inc.*, 900 S.W.2d 691 (Tenn. Ct. App. 1995).

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to The Center for Digestive Disorders and Clinical Research, P.C.

_____
HERSCHEL PICKENS FRANKS, P.J.

-5-